Willie Ray **MITCHELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–94–00058–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 18, 1994.

Decided Jan. 5, 1995.

Rehearing Overruled Jan. 24, 1995.

Discretionary Review Granted May 3, 1995.

---

Dan K. Parchman, Mount Vernon, for appellant.

Frank Long, Dist. Atty., Amy M. Smith, Asst. Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Willie Ray Mitchell was convicted on his guilty plea to a charge of delivery of cocaine of less than twenty-eight grams. The jury assessed punishment at seventy-seven years' imprisonment. Mitchell raises three points of error in which he contends that the trial court erred (1) by not including a jury instruction on the burden of proof on extraneous offenses introduced at the punishment phase; (2) by not including in the jury charge a limiting instruction on the permissible use of extraneous offenses at punishment; and (3) by refusing his requested definition of "beyond a reasonable doubt" in the punishment charge. We overrule these contentions and affirm the judgment.

At the punishment stage, with the jury present, the State introduced evidence that Mitchell had committed four extraneous unadjudicated offenses by selling cocaine. Then, outside the presence of the jury, the court ruled that the evidence was admissible and that it showed beyond a reasonable doubt that Mitchell had committed the offenses.

Mitchell contends that the trial court erred by not giving the jury his requested instruction on the burden of proof on extraneous offenses. He also contends in his third point of error that the court erred by refusing to include in the punishment charge his requested definition of "beyond a reasonable doubt." We discuss these points together.

After a defendant is found guilty, and regardless of whether the judge or the jury assesses punishment, either party may offer any evidence that the court deems relevant to sentencing. This evidence can include proof of an extraneous unadjudicated offense or act where the State shows beyond a reasonable doubt that the defendant committed the offense or act and that it is one for which he could be held criminally responsible. It is not necessary that the State prove that the defendant was charged with or convicted of the offense. The statute does not require that this evidence conform to the rules governing the admissibility of extrane-

ous offenses or character evidence at the guilt/innocence phase. TEX.CODE CRIM.PROC. ANN. art. 37.07, § 3(a);[1] TEX.R.CRIM.EVID. 404, 405.

■ Mitchell does not complain of the evidence's admissibility. He contends, rather, that after the court admitted the evidence, it should have given the jurors his requested instruction and definition regarding burden of proof and allowed the jury to determine if the acts or offenses had been proven beyond a reasonable doubt.

Mitchell cites no authorities for this proposition. Few cases interpret this recently amended statute, and the statute is silent as to who decides whether the State has met its burden.

The Legislature amended Article 37.07 effective September 1, 1993, to overrule the holding of *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App.1992). In *Grunsfeld*, the Court of Criminal Appeals, relying on statutory construction, held that the Code of Criminal Procedure prohibited the introduction of unadjudicated extraneous offenses during the punishment phase of a noncapital trial. The previous Article 37.07 had allowed the judge or jury to consider, subject to the Rules of Evidence, any evidence about the defendant the court deemed relevant, "including prior criminal record, his general reputation and his character." Prior criminal record meant a final conviction in a court of record, or a probated or suspended sentence that had occurred before trial, or any final conviction material to the offense charged. The Court of Criminal Appeals said the statutory language excluded evidence of unadjudicated extraneous offenses. Under this statute, the court determined admissibility subject to an abuse of discretion standard of review. *See* TEX.R.CRIM.EVID. 104(a).

A different Code article controls the introduction of evidence at the punishment phase of capital trials. In capital trials, the jury decides whether the State meets its burden of proof at punishment. TEX.CODE CRIM. PROC.ANN. art. 37.071, § 2(b), (c) (Vernon

Supp.1995). The State may introduce evidence of an unadjudicated extraneous offense if the court deems it relevant to the sentencing. The court still determines admissibility. The Code requires the trial court to submit certain issues to the jury if the State is seeking the death penalty. The jurors must decide (1) whether it is probable the defendant would commit violent criminal acts that would constitute a continuing threat to society, and (2) that if the defendant was found guilty under the law of parties, whether the defendant actually killed the victim. TEX. CODE CRIM.PROC.ANN. art. 37.071, § 2(b). The State must prove these issues beyond a reasonable doubt. TEX.CODE CRIM.PROC.ANN. art. 37.071, § 2(c).

For noncapital cases, Article 37.07 does not specifically describe the duties of the court and the jury. When it amended the statute, the Legislature said nothing about changing the procedure for determining admissibility. It could have changed Article 37.07 to conform to Article 37.071 in its allocation of duties, but it did not.

In this case, the trial court deemed the evidence admissible and determined as a matter of law that the State had met its burden of proof. We hold that the requirement of proof beyond a reasonable doubt is a preliminary requirement for the admissibility of the evidence of extraneous offenses rather than a part of the State's case and that it is the judge rather than the jury who should make that determination at the punishment stage of the trial.

■ Mitchell also complains because the trial court refused his requested definition of "beyond a reasonable doubt" in the punishment charge. The jurors do not need such a definition because, as noted above, the court rather than the jury determines whether the extraneous offenses were proven beyond a reasonable doubt so as to be admissible.

■ Mitchell also contends that the trial court erred by not including in the jury charge his requested limiting instruction on the permissible use of extraneous offenses at the punishment phase. He says the jurors

---

1. Act of May 29, 1989, 71st Leg., ch. 785, § 4.04, 1989 Tex.Gen.Laws 3492, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 5.05, 1993 Tex. Gen.Laws 3759.

should have been warned to use the evidence only to determine the proper punishment for the indicted offense and not to use it to *enhance* the punishment.

Jurors need limiting instructions to ensure that they do not use evidence for impermissible purposes when the evidence is admissible for one purpose but not for other purposes, e.g., when the admitted evidence is relevant to more than one material issue in the case, but the jurors may legally consider it for only one of the issues. Jurors do not need instructions when the evidence is relevant only to the issue on which it was submitted. *See Lewis v. State,* 815 S.W.2d 560, 566 (Tex. Crim.App.1991).

■ Under the previous statute, a court was sometimes required to give limiting instructions at the punishment phase when a party had improperly placed evidence before the jury, such as when a party introduced evidence of extraneous unadjudicated offenses in violation of the statute. *See Murdock v. State,* 856 S.W.2d 262, 264 (Tex. App.—Texarkana 1993, pet. ref'd). Here, guilt had already been established and the court's charge set out the statutory punishment range. The jurors could not misuse the evidence. Their sole duty was to set punishment within the statutory limits. Enhancement, which is set out in the indictment, determines the punishment range given the jury in its charge.

For the reasons stated, the judgment is affirmed.

GRANT, Justice, dissenting.

I agree with the majority that the amendment to Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a) creates a threshold of admissibility requiring the trial court to determine that the extraneous crime or bad act has been shown beyond a reasonable doubt. Such preliminary determinations are also made

concerning the admissibility of statements made by the accused (Tex.Code Crim.Proc. Ann. art. 38.22 (Vernon 1979 & Supp.1995)) and whether evidence was obtained in violation of the Constitution and laws of this State (Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp.1995)), but the jury is still required to determine the facts related to this evidence beyond a reasonable doubt.[2]

Extraneous offenses have long been admissible for limited purposes at the guilt/innocence phase of the trial. *Harrell v. State,* 884 S.W.2d 154, 159 (Tex.Crim.App.1994). The Court of Criminal Appeals has held, and continues to hold after the enactment of the Texas Rules of Criminal Evidence, that the standard of proof necessary to admit extraneous offenses is beyond a reasonable doubt. The Court of Criminal Appeals has further held that if the defendant requests at the guilt/innocence phase of the trial that the trial court instruct the jury not to consider extraneous offense evidence admitted for a limited purpose unless it believes beyond a reasonable doubt that the defendant has committed the extraneous offense, then the defendant is entitled to that instruction. *George v. State,* 890 S.W.2d 73 (Tex.Crim. App.1994). I see no reason why this instruction should not also apply at the punishment stage of the trial. Otherwise, it would appear that the trial court becomes the exclusive fact finder on this matter instead of the jury. This is contrary to the basic functions in the trial court under Tex.Code Crim.Proc. Ann. art. 36.13 (Vernon 1981) where the jury is designated to be the exclusive judge of the facts. I recognize that Article 36.13 is prefaced with the limitation, "[u]nless otherwise provided in this Code [of Criminal Procedure]." The Texas Legislature, however, has not specifically provided that the trial court will ultimately preempt the jury in this factual determination, but rather provides that the trial court will make a preliminary determination for the purpose of admissibility—not

---

**2.** Tex.Code Crim.Proc.Ann. art. 38.22, § 6 (Vernon 1979), specifically sets forth that the jury "shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof" and that Tex.Code Crim.Proc.Ann. art. 38.23(a) (Vernon Supp.1995),

specifically provides that "[i]n any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

for the purpose of the ultimate use of this evidence in determination of the punishment.

I respectfully dissent.