Michael SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–94–00158–CR.

Court of Appeals of Texas, Austin.

May 10, 1995.

Rehearing Overruled June 21, 1995.

Keith S. Hampton, Austin, for appellant.

Ronald Earle, Dist. Atty., Lisa Dotin Stewart, Asst. Dist. Atty., Austin, for the State.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

A jury found appellant guilty of two counts of aggravated robbery. Punishment for each count was assessed at imprisonment for twenty-five years and a $10,000 fine. Tex.Penal Code Ann. § 29.03 (West 1994).[1] Appellant brings forward seven points of error, each alleging error at the punishment stage of trial. We will affirm.

---

1. Section 29.03 was amended in a nonsubstantive way after the offenses were committed.

Appellant was convicted of robbing Esiquiel Martinez and Jesse Garcia on the afternoon of October 2, 1993. The two men were standing in front of Martinez's house when appellant approached them on foot, pulled a pistol, went through Garcia's pockets, and took his wallet. When appellant attempted to do the same to Martinez, Martinez resisted and appellant shot him in the face.

At the punishment phase of appellant's trial, evidence was introduced regarding two unadjudicated armed robberies committed during the same week as the charged offenses. Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a) (West Supp.1995). First, Steve Bilderback and Joe Avila testified they were standing in front of Bilderback's mother-in-law's house on October 1, 1993, when appellant rode up on a bicycle, pointed a pistol at them, and demanded money. Bilderback gave appellant his wallet and appellant rode away. Next, Roland Gamboa and David Treviño testified that appellant and another man entered the convenience store at which they were working on October 7, 1993. Appellant's companion approached Treviño, who was standing at the cash register, pointed a pistol at him, and announced, "[T]his is an armed robbery." Appellant began to walk behind the counter. Gamboa, who was in the store office, saw what was happening, got the store's pistol, and shouted at the assailant. Startled, the man fled from the store. Appellant also attempted to flee but was detained by Gamboa.

Article 37.07, section 3(a) provides:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

In four points of error, appellant contends that by permitting the trial court to admit evidence "as to any matter the court deems relevant to sentencing," the statute (1) delegates legislative power to the judiciary in violation of article II, section 1 of the Texas Constitution, (2) denies the accused his right to due course and due process of law in violation of article I, section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, (3) is void for vagueness in violation of article I, section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, and (4) violates the guarantees against cruel or unusual punishment found in article I, section 13 of the Texas Constitution and against cruel and unusual punishment found in the Eighth and Fourteenth Amendments to the United States Constitution.

■ We overrule these points of error for two reasons. First, appellant did not raise these contentions in the district court and therefore did not preserve them for review in the manner prescribed by the rules of appellate procedure. Tex.R.App.P. 52(a); *see Garcia v. State,* 887 S.W.2d 846, 861 (Tex.Crim.App.1994); *Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App.1990); *Corley v. State,* 582 S.W.2d 815, 821 (Tex.Crim.App. 1979) (constitutional errors may be waived by failure to object at trial); *but see Rose v. State,* 752 S.W.2d 529, 552–53 (Tex.Crim.App. 1988) (opinion on rehearing) (appellant relieved of obligation to object at trial because statute void ab initio); *Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim.App.1987) (questions involving constitutionality of statute on which conviction is based should be addressed by appellate court even if raised for first time on appeal); *Ex parte Chambers,* 688 S.W.2d 483, 486 (Tex.Crim.App.1984) (Campbell, J., concurring) (failure to object does not waive constitutional violation if right had not been recognized at time of trial); *and see Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993) ("When we say 'that

even constitutional guarantees can be waived by failure to object properly at trial,' we mean that some, not all, constitutional rights may be forfeited.").

■ Second, appellant has failed to show, or even to assert, that article 37.07, section 3(a) is unconstitutional as applied to him in his situation. *Vuong v. State,* 830 S.W.2d 929, 941 (Tex.Crim.App.1992); *Briggs v. State,* 740 S.W.2d 803, 806 (Tex.Crim.App. 1987); *Parent v. State,* 621 S.W.2d 796, 797 (Tex.Crim.App.1981). Appellant's constitutional complaints are directed to that portion of the statute that provides for the admission of evidence "as to any matter the court deems relevant to sentencing." Each point revolves around a central premise: that this phrase confers on trial courts unfettered, standardless discretion to admit evidence at the punishment stage. This argument ignores the remainder of the statute, which expressly declares certain matters to be relevant to sentencing, including "an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act."

■ Appellant does not contend that article 37.07, section 3(a) unconstitutionally delegates legislative power to the judiciary by authorizing the consideration of unadjudicated extraneous offenses when assessing punishment. Appellant does not contend that article 37.07, section 3(a) fails to provide an objective standard for determining the admissibility of extraneous offense evidence. Appellant does not contend that article 37.07, section 3(a) did not clearly authorize the admission of the unadjudicated offense evidence in this cause. Appellant does not contend that the jury's consideration of his unadjudicated criminal conduct denied him a fair punishment hearing or resulted in the assessment of an unconstitutional punishment. We will not decide constitutional issues on a broader basis than the record requires. That article 37.07, section 3(a) might be unconstitutionally applied in another prosecution is not an adequate support for appellant's constitutional claims. *Vuong,* 830 S.W.2d at 941; *Briggs,* 740 S.W.2d at 806; *Parent,* 621 S.W.2d at 797. Points of error one through four are overruled.

■ Appellant unsuccessfully objected to the admission of the unadjudicated offense evidence on the ground that its relevance was outweighed by the danger of unfair prejudice. Tex.R.Crim.Evid. 403. In his seventh point of error, appellant urges that article 37.07, section 3(a) violates rule 403 by permitting the jury to punish a defendant for being a criminal generally rather than for the crime for which he has been found guilty.

Appellant's argument is an attack on the policy of permitting consideration of unadjudicated offenses in assessing punishment. In essence, appellant asserts that insofar as it permits the admission of unadjudicated extraneous offenses, article 37.07, section 3(a) is contrary to rule 403. This contention must fail because the Code of Criminal Procedure takes precedence over the rules. Tex. R.Crim.Evid. 101(c).

The legislature has determined that unadjudicated offense evidence may be considered in assessing punishment. In a particular case, such evidence may be excluded under rule 403 if, under the circumstances of that case, the relevance of the evidence to the punishment decision is outweighed by other considerations arguing against its admission. Appellant makes no effort to demonstrate that the circumstances of this cause rendered the evidence of his unadjudicated criminal conduct so unfairly prejudicial as to require its exclusion pursuant to rule 403. Point of error seven is overruled.

■ Article 37.07, section 3(a) provides that unadjudicated offense evidence must be shown beyond a reasonable doubt to have been committed by the defendant. Article 37.07, section 3(b) requires the trial court to give such additional instructions at the guilt stage as may be necessary. Tex.Code Crim. Proc.Ann. art. 37.07, § 3(b) (West 1981). In point of error five, appellant contends the district court erred by failing to instruct the jury not to consider the unadjudicated offenses in assessing punishment unless it

found beyond a reasonable doubt that appellant committed them.

Another court of appeals recently held that under article 37.07, section 3(a), the requirement of proof beyond reasonable doubt is a preliminary requirement for admission of extraneous offense evidence at the punishment stage rather than a part of the State's case, and a jury instruction on the burden of proof is not required. *Mitchell v. State*, 892 S.W.2d 213, 215 (Tex.App.—Texarkana 1995, pet. filed). The dissenting justice in *Mitchell* argued that this holding is inconsistent with the opinion in *George v. State*, 890 S.W.2d 73 (Tex.Crim.App.1994). In *George*, the Court of Criminal Appeals held that if the defendant so requests at the guilt-innocence phase, the trial court must instruct the jury not to consider extraneous offense evidence admitted for a limited purpose unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense. *Id.* at 76.

■ We express no opinion whether the district court would have been obligated to give a burden of proof instruction upon request because appellant neither requested such an instruction nor objected to its absence. Tex.Code Crim.Proc.Ann. arts. 36.14, 36.15 (West Supp.1995). Appellant refers us to no opinion holding that a trial court is required to give an instruction on the burden of proof regarding extraneous offenses in the absence of a proper request by the defendant. Furthermore, appellant has not met his burden of demonstrating that the absence of the instruction, if error, was so egregiously harmful that he was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (opinion on rehearing).

Appellant states that the "chief harm" caused by the district court's failure to instruct the jury regarding the burden of proof was that "the jurors were free to decide Appellant's guilt [of the unadjudicated offenses] by any lesser standard [than proof beyond a reasonable doubt] and include their conclusion of his guilt in their punishment determination." *Almanza* requires, however, a showing of actual, not just theoretical, harm to the accused. *Id.* at 174. Before

admitting the unadjudicated offense evidence, the district court made a preliminary finding outside the jury's presence that appellant had been shown beyond a reasonable doubt to have committed the unadjudicated offenses. Appellant does not contend the evidence introduced at the punishment stage was insufficient to prove beyond a reasonable doubt that he committed the unadjudicated offenses. There is no reason to believe that the jury, had it been instructed as appellant contends it should have been, would have disregarded the unadjudicated offense evidence or assessed a less onerous punishment.

Assuming without deciding that the district court was required, even in the absence of a request, to instruct the jury on the burden of proof required by article 37.07, section 3(a) for extraneous offense evidence, appellant has failed to show that the error denied him a fair trial. Point of error five is overruled.

■ Finally, appellant complains of remarks made by the district court during defense counsel's closing argument. The incident arose as counsel was discussing the instruction on good time and parole. Tex. Code Crim.Proc.Ann. art. 37.07, § 4(a) (West Supp.1995).

> In plain and simple terms, what that means is, if you give a sentence of 60 years or more, he will be 48 years old before he can ever ask, ask to be released. If you give a sentence of ten years and he is given probation—

> MS. DENUM [prosecutor]: Your Honor, I think I am going to have to object. I think that, in part, Mr. Bettis' argument is correct and it is certainly contained in the charge, but it is my understanding that the charge goes on to say that consideration of the manner in which the parole laws will be applicable to this particular defendant is inadmissible or should not be considered.

> MR. BETTIS: I will rephrase my argument.

> .    .    .    .    .

> MR. BETTIS: What I should have said is that any 18–year–old who is sentenced to 60 years or more will be 48 years old

before he first can approach the authorities and ask permission.

MS. DENUM: Your Honor, I am still going to object. Same objection.

MR. BETTIS: Any defendant who is sentenced to 60 years or more will be 30 years older when he is eligible for parole.

THE COURT: We don't know—don't we agree that the parole laws change and crowded conditions change? That is the problem I am having. You cannot—

MR. BETTIS: This is the law applicable to this case.

THE COURT: Right now.

MR. BETTIS: That's right.

THE COURT: As of today.

MR. BETTIS: Judge, I think that the Court's additional comment on the law is a misstatement of the law and I object to it.

THE COURT: It is the laws today that you are telling the jury.

MR. BETTIS: That's right, and the law applicable to this case and this defendant.

THE COURT: Today.

MR. BETTIS: And forever more.

THE COURT: The Court cannot make that pronouncement.

MR. BETTIS: I don't want to get into an argument with the Court. Let me move ahead.

Appellant contends that the remarks of the court during this exchange with defense counsel denied him due course and due process of law because the court effectively nullified the written instructions regarding parole eligibility and invited the jury to speculate about possible future changes in the law that would benefit appellant.

To preserve error for review, a party must make a timely objection stating the specific grounds for the ruling he desires and then obtain a ruling on the objection. Tex. R.App.P. 52(a). While appellant objected to some (but not all) of the court's comments of which he now complains, he did not secure a ruling on his objection. Moreover, appellant's contention on appeal does not comport with his objection at trial. Because appellant failed to preserve the alleged error for review, and because we find no basis for excus-

ing this failure, point of error six is overruled.

The judgment of conviction is affirmed.