Venis 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00259-CR






Eugene Clark Venis, a/k/a Tom Venis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0936440, HONORABLE BOB PERKINS, JUDGE PRESIDING 







 A Travis County jury found appellant guilty of voluntary manslaughter, and the
trial court assessed punishment at twenty years' imprisonment in the state penitentiary. See Act
of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2 § 1, 1973 Tex. Gen. Laws 1122, 1124 (Tex.
Penal Code Ann. § 19.04, since amended). In three points of error appellant challenges the
sufficiency of the evidence supporting his conviction and claims the trial court committed
reversible error by allowing evidence of an unadjudicated offense at the punishment hearing. We
will affirm the judgment of conviction.



Background


 On September 28 and into the early morning hours of September 29, 1993,
appellant was at an Austin nightclub called the Back Room. Also at the club was a young woman
named Kimberly Bevers, who knew appellant. Bevers had been at appellant's house a few days
earlier, and had stayed the night because she did not have a ride home. She and appellant had sexual intercourse the night she stayed over, but the next day she told appellant that
she only wanted to be friends with him. Appellant, on the other hand, still wanted to have a
sexual relationship with Bevers. 

 On the night of the crime Bevers met Ross Ryan, the victim, at the Back Room. 
The two became more friendly with each other as the night progressed. The club closed about
2:00 a.m., and afterward a number of patrons gathered outside to talk. Bevers and Ryan were
standing on some steps outside kissing and talking when Bevers noticed appellant watching them. 
At that point witnesses saw appellant pacing with clinched fists and an enraged countenance. 
Appellant suddenly charged toward Ryan and punched him in the face, using the full force of his
body weight. Ryan, who apparently never saw appellant coming, began to stumble towards the
ground when appellant threw another punch. Ryan continued his fall down the steps and landed
head-first onto the ground. Appellant hit Ryan four more times before people in the crowd pulled
him away. Appellant then circled around and rushed back through the crowd to kick the fallen
Ryan in the head with his boot three or four times. Ryan died from severe skull and brain
injuries. 



Discussion and Holdings


 In his first point of error, appellant claims there is not legally sufficient evidence
to support the jury's finding that he intentionally or knowingly caused Ryan's death. We review
sufficiency of the evidence in light of the jury charge that was given. See Fisher v. State, 887
S.W.2d 49, 56 (Tex. Crim. App. 1994). Under the charge given, the jury was required to find
that appellant either (1) acted intentionally by having the conscious objective or desire to cause
Ryan's death, or (2) acted knowingly by being aware that his conduct was reasonably certain to
cause Ryan's death. This language tracks the definitions of "intentionally" and "knowingly" as
found in the Penal Code at the time of the offense. See Act of May 24, 1973, 63d Leg., R.S.,
ch. 399, § 1, 1973 Tex. Gen. Laws 883, 893 (Tex. Penal Code Ann. § 6.03(a) & (b)).

 In conducting a legal sufficiency review, we are mindful that the jury, as trier of
fact, is the judge of the credibility of witnesses and the weight to be given their testimony. Tex.
Code Crim. Proc. Ann. art. 38.04 (West 1979). The jury is entitled to accept or reject all or any
part of the testimony by witnesses for the State or the accused. Beardsley v. State, 738 S.W.2d
681, 684 (Tex. Crim. App. 1987); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986),
cert. denied, 488 U.S. 872 (1988). The fact-finder may draw reasonable inferences and
deductions from the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus
Christi 1988, pet. ref'd). Reconciliation of evidentiary conflicts is solely a function of the trier
of fact, and if a conflict exists in the inferences of evidence, this Court must presume that the jury
resolved any conflict in favor of the prosecution. Matson v. State, 819 S.W.2d 839, 846 (Tex.
Crim. App. 1990) (citations omitted); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App.
1982). 

 In determining whether the evidence is legally sufficient to support the conviction,
we will consider the evidence in the light most favorable to the jury's verdict and, after so viewing
the evidence, we will determine whether any rational trier of fact could have found beyond a
reasonable doubt the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307,
319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim. App. 1989), cert. denied,
495 U.S. 963 (1990). This standard of review is applicable in both direct and circumstantial
evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990). Applying
this standard of review, we conclude that the evidence was more than sufficient for a rational juror
to conclude beyond a reasonable doubt that appellant consciously desired to kill Ryan, and knew
that his brutal beatings were reasonably certain to cause Ryan's death. Appellant incapacitated
Ryan with a surprise punch, and as Ryan fell down appellant continued to beat him severely. 
After being pulled away from Ryan's inert body, appellant forced his way back through the crowd
so that he could viciously kick him in the head. Appellant's relentless infliction of injuries to
Ryan's head after he lay prone and helpless leaves little room for any conclusion but that he
wanted to kill Ryan, and that he knew these brutal injuries were reasonably certain to cause
Ryan's death. Because there was sufficient evidence for a rational fact-finder to conclude beyond
a reasonable doubt that appellant intentionally and knowingly caused Ryan's death, we overrule
appellant's first point of error.

 In his second point of error appellant asserts that evidence of an extraneous
unadjudicated offense was admitted at the punishment hearing under the authority of an
unconstitutional statute. Appellant claims that Code of Criminal Procedure article 37.07, section
3(a), which provides guidelines for introduction of punishment evidence, amounts to an
unconstitutional delegation of legislative power to the judiciary. See Tex. Const. art. II, § 1; Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1996). (1) The Code provision allows for
the admission of "any matter the court deems relevant to sentencing," including any "evidence of
an extraneous crime or bad act . . . regardless of whether [the defendant] has been previously
charged with or finally convicted of the crime or act." Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a) (West Supp. 1996). Appellant argues that allowing for introduction of any evidence
deemed relevant by the trial court confers standardless discretion on the trial court. See
Grunsfield v. State, 843 S.W.2d 521, 543 (Clinton, J., concurring) (allowing trial court unfettered
discretion to determine what matters are relevant to sentencing arguably violates separation of
powers). 

 Appellant complains that evidence of an unadjudicated extraneous offense was
introduced against him as a result of this claimed standardless discretion. Because the statute
expressly declares that this very evidence is relevant to sentencing, its introduction could not have
been based on an exercise of standardless discretion. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a); Smith v. State, 899 S.W.2d 31, 34 (Tex. App.--Austin 1995, pet. ref'd). Appellant
therefore has failed to show that the introduction of the assailed evidence resulted from an
unconstitutional application of article 37.07, section 3(a). "That article 37.07, section 3(a) might
be unconstitutionally applied in another prosecution is not adequate support" for appellant's claim. 
Smith, 899 S.W.2d at 34. We overrule appellant's second point of error. In his third point
of error, appellant complains that he did not receive reasonable notice of the State's intention to
introduce evidence of an unadjudicated extraneous offense against him at the punishment hearing. 
Code of Criminal Procedure article 37.07, section 3(g) requires the State to provide notice of
intent to introduce such evidence upon timely request by the defendant. Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(g) (West Supp. 1996). The notice must include the name of the victim and
"the date on which and the county in which" the alleged crime or bad act occurred. Id.

 Upon request by appellant, the State provided notice of its intent to introduce
evidence of an assault committed by appellant. According to this evidence, appellant attacked a
male companion of his former girlfriend at a bar in Dallas. The State's notice to appellant
included the county where the incident occurred and the name of the victim. This notice also
provided the name and phone number of the former girlfriend and State's witness, Denise Susan
Pasquero, and included the details of her anticipated testimony. The date provided in the notice
was "spring of 1992." Appellant claims that this notice was defective because the statute requires
notice of "the date on which" the alleged bad act occurred. See Tex. Code Crim. Proc. Ann. art.
37.07, § 3(g) (West Supp. 1996).

 The State alleges on appeal, as it did at trial, that it was unable to determine the
exact date of the incident; appellant does not dispute this contention. The State could not locate
any police report concerning the altercation, and not surprisingly the State's witness could not
remember an exact date for an event that occurred roughly three years prior to her testimony. We
expect that for all bad acts where no police report is made, the State would be unable to provide
notice of an exact date, except when a diary or some other documentation is fortuitously available. 
We do not believe the Legislature intended section 3(g) to categorically exclude from evidence
all unadjudicated offenses which were not documented with a specific date. Nonetheless, we
cannot ignore the plain language of the statute, which requires notice of "the date on which . . .
the alleged crime or bad act occurred . . . ." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g); see
Boykin v. State, 818 S.W.2d 782, 785 (courts must give effect to plain meaning of statute unless
doing so would lead to absurd consequences). Because the notice in this case did not provide the
date on which the assault occurred, appellant urges us to hold that the trial court erred in
admitting evidence of it.

 Even assuming inadequate notice, however, this error does not require reversal of
appellant's conviction if we determine beyond a reasonable doubt that the error made no
contribution to the punishment. Tex. R. App. P. 81(b)(2). Appellant claims the error was
harmful because of the highly prejudicial nature of the evidence introduced, but this contention
ignores the nature of the error. Appellant argues that the trial court erred by allowing the
evidence despite statutorily inadequate notice; the question we ask is whether the deficiency in the
notice worked to appellant's detriment at the punishment hearing. We conclude that it did not. 
In addition to providing the required notice of the victim's name and county where the incident
occurred, the State gave appellant the name and phone number of its witness and details of her
expected testimony. This information sufficiently apprised appellant of the particular incident the
State intended to introduce evidence of at the punishment hearing. Therefore, notice of a specific
date would not have enabled appellant to better prepare for this evidence. Additionally, appellant
did not allege surprise when the State sought to introduce the evidence. We overrule appellant's
third point of error. 


Conclusion


 The judgment of conviction is affirmed.


 

 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: February 7, 1996

Do Not Publish

1.   Code of Criminal Procedure article 37.07, section 3(a) has been amended since the
commission of the offense. See Act of May 27, 1995, 74th Leg., R.S., ch. 262 § 82, 1995
Tex. Gen. Laws 2517, 2583. Because this amendment has no substantive effect on our
analysis, and because other relevant Code provisions have not been amended since 1993, we
cite the current Code for the sake of convenience.


e on which and the county in which" the alleged crime or bad act occurred. Id.

 Upon request by appellant, the State provided notice of its intent to introduce
evidence of an assault committed by appellant. According to this evidence, appellant attacked a
male companion of his former girlfriend at a bar in Dallas. The State's notice to appellant
included the county where the incident occurred and the name of the victim. This notice also
provided the name and phone number of the former girlfriend and State's witness, Denise Susan
Pasquero, and included the details of her anticipated testimony. The date provided in the notice
was "spring of 1992." Appellant claims that this notice was defective because the statute requires
notice of "the date on which" the alleged bad act occurred. See Tex. Code Crim. Proc. Ann. art.
37.07, § 3(g) (West Supp. 1996).

 The State alleges on appeal, as it did at trial, that it was unable to determine the
exact date of the incident; appellant does not dispute this contention. The State could not locate
any police report concerning the altercation, and not surprisingly the State's witness could not
remember an exact date for an event that occurred roughly three years prior to her testimony. We
expect that for all bad acts where no police report is made, the State would be unable to provide
notice of an exact date, except when a diary or some other documentation is fortuitously available. 
We do not believe the Legislature intended section 3(g) to categorically exclude from evidence
all unadjudicated offenses which were not documented with a specific date. Nonetheless, we
cannot ignore the plain language of the statute, which requires notice of "the date on which . . .
the alleged crime or bad act occurred . . . ." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g); see
Boykin v. State, 818 S.W.2d 782, 785 (courts must give effect to plain meaning of statute unless
doing so would lead to absurd consequences). Because the notice in this case did not provide the
date on which the assault occurred, appellant urges us to hold that the trial court erred in
admitting evidence of it.

 Even assuming inadequate notice, however, this error does not require reversal of
appellant's conviction if we determine beyond a reasonable doubt that the error made no
contribution to the punishment. Tex. R. App. P. 81(b)(2). Appellant claims the error was
harmful because of the highly prejudicial nature of the evidence introduced, but this contention
ignores the nature of the error. Appellant argues that the trial court erred by allowing the
evidence despite statutorily inadequate notice; the question we ask is whether the deficiency in the
notice worked to appellant's detriment at the punishment hearing. We conclude that it did not. 
In addition to providing the required notice of the victim's name and county where the incident
occurred, the State gave appellant the name and phone number of its witness and details of her
expected testimony. This information sufficiently apprised appellant of the particular incident the
State intended to introduce evidence of at the punishment hearing. Therefore, notice of a specific
date would not have enabled appellant to better prepare for this evidence. Additionally, appellant
did not allege surprise when the State sought to introduce the evidence. We overrule appellant's
third point of error. 


Conclusion


 The judgment of conviction is affirmed.