NO. 07-01-0019-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2001

______________________________

JOEY ALAFA,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 237
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-430-797; HON. SAM MEDINA, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Joey Alafa (appellant) appeals his conviction for burglary of a habitation with intent to commit theft.  His sole points of error concern 1) the trial court’s failure to 
sua sponte
 include in its punishment charge instructions “regarding reasonable doubt and the limited use of extraneous conduct” and 2) counsel’s effectiveness given his purported failure “to communicate appellant’s acceptance of a plea bargain offer to the State.”  We overrule each issue and affirm.

Instruction on Reasonable Doubt and Limited Use of Extraneous Conduct

We initially address the contention that the trial court was obligated to include in the punishment charge an instruction limiting the jury’s use of evidence of extraneous conduct.  The Texas Court of Criminal Appeals has held that evidence of extraneous criminal conduct tendered during the punishment phase of the trial may be considered by the jury in any manner it chooses in assessing punishment.  
Huizar v. State
, 12 S.W.3d 479, 482 (Tex. Crim. App. 2000), 
quoting, Fields v. State
, 1 S.W.3d 687 (Tex. Crim. App. 1999).  Because it can be used in any manner selected by the jury in assessing punishment and because guilt has already been determined, the trial court is not obligated to instruct the jury as demanded by appellant.  
Mitchell v. State
, 892 S.W.2d 213, 215-16 (Tex. App. – Texarkana 1995) 
rev’d. on other grounds
, 931 S.W.2d 950 (Tex. Crim. App. 1996).  

Instruction on Reasonable Doubt

With the advent of 
Huizar
, a trial court is obligated to instruct the jury (in its charge on punishment) that extraneous bad acts and offenses may not be considered in assessing punishment unless it is satisfied beyond a reasonable doubt that such acts and offenses are attributable to the defendant.  
Huizar v. 
State, 12 S.W.3d at 483.  Furthermore, the duty to so instruct the jury exists irrespective of whether the defendant requests it.  
Id
. at 484.  Finally, should the instruction be omitted, error occurs and harm, if any, is analyzed pursuant to the standard espoused in 
Almanza v. State
, 686 S.W.2d 157 (Tex. Crim. App. 1985).  
Huizar v. State
, 12 S.W.3d at 484-85.

Here, trial counsel did not request the instruction.  Nor did the trial court include it in its charge.  Thus, error occurred.  Yet, whether it warrants reversal depends upon whether it is egregious.  
Almanza v. State
 686 S.W.2d at 157.  

Here, the extraneous bad acts and convictions at issue involved theft of a lawnmower and two misdemeanor convictions for unlawfully carrying a weapon and assault.  As to the latter convictions, the State proved same via comparison of appellant’s fingerprints with those on the judgments.  As to the theft of the lawnmower, the State proffered the testimony of appellant’s co-defendant to implicate appellant.  
See Goodman v. State
, 8 S.W.3d 362, 365 (Tex. App.–Austin 1999, no pet.) (holding that the accomplice-witness-rule does not apply during the punishment phase of the trial).  Appellant disputed none of the foregoing evidence.  Furthermore, the punishment to which he was subject ranged from two to 20 years imprisonment.  The jury assessed a prison term of 10 years.  Under these circumstances, we do not hold that appellant suffered egregious harm because the trial court failed to instruct the jury as per 
Huizar
.

Ineffective Assistance of Counsel

As previously mentioned, the second and final point concerns trial counsel’s supposed ineffectiveness.  According to appellant, his attorney was ineffective because he did not inform the State that appellant had accepted its initial plea bargain of two years imprisonment.  The record reveals that the allegation was incorporated into a motion for new trial and that the trial court conducted an evidentiary hearing on the matter.  So too does the record indicate that the testimony presented at that hearing was far from clear and uncontradicted.  Yet, appellant’s attorney appeared and testified that he timely informed his client of the two year offer, that his client desired probation, that his client refused the offer, and that notice of the refusal was subsequently conveyed to the State.  Given this testimony, the trial court rejected appellant’s contention and denied the motion.  In so holding, it also implicitly opted to credit the testimony of appellant’s trial attorney.  

The decision to grant or deny a motion for new trial lies within the trial court’s discretion. 
Santacruz v. State, 
963 S.W.2d 194, 196 (Tex. App. – Amarillo 1998, pet. ref’d.).  Before we can interfere with the exercise of that discretion, we must conclude that the court’s decision fell outside the zone of reasonable disagreement. 
 
Id.
 Furthermore, if the pertinent circumstances could be reasonably interpreted several ways, given conflicting or ambiguous evidence, and the court selects one of those interpretations, then it cannot be said that its decision exemplifies an instance of abused discretion.
  See  Keady v. State
, 687 S.W.2d 757, 759 (Tex. Crim. App.1985) (stating that where there is conflicting evidence, there can be no abuse of discretion in overruling a motion for new trial).  Here, there existed evidence illustrating that appellant actually rejected the plea offer he contends he accepted.  It was well within the trial court’s prerogative to accept that evidence as true.  And, because it undoubtedly accepted that evidence as true and implicitly concluded that there was no acceptance of a plea to convey to the state, the decision to reject appellant’s claim of ineffective assistance clearly fell within the zone of reasonable disagreement.  

Accordingly, the judgment is affirmed. 

Brian Quinn

   Justice

Do not publish.