Jeff Elbert JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–323 CR.

Court of Appeals of Texas, Beaumont.

Submitted April 17, 1995.

Decided Aug. 30, 1995.

---

Barry R. Bryan, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., Lufkin, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a final judgment of conviction for involuntary manslaughter. Appellant was indicted for the offense of murder which was alleged to have occurred on or about February 20, 1994. The trial was to a jury, and the jury found the appellant guilty of the lesser included offense of involuntary manslaughter and assessed punishment at ten years confinement in the Texas Department of Criminal Justice, Institutional Division. The jury further made an affirmative finding that the appellant used or exhibited a deadly weapon in the commission of this offense. Appellant timely filed a motion for new trial which was overruled by the trial court after an evidentiary hearing on November 29, 1994.

At trial the evidence showed that on February 20, 1994, appellant had been struck on the head with a pool cue by Kelvin Phipps while both of them were in a pool hall in Diboll, Texas. Appellant left the building and was followed shortly by Kelvin Phipps. Witnesses provided testimony to the effect that appellant and Mr. Phipps spoke to each other near their vehicles and then appellant retrieved a single shot shotgun from his vehicle and approached Mr. Phipps. The gun was discharged and Mr. Phipps died as a result of the gunshot would to his chest.

The appellant brings forth one point of error which contends that "[t]he lower Court committed fundamental error at the punishment phase of trial by omitting the mandatory jury instruction in 37.07(4)(a) Tex.Code Crim.Proc.Ann. in its charge to the jury."

In the case at bar, the trial court submitted an instruction concerning the issue of parole as required by TEX.CODE CRIM. PROC.ANN. art. 37.07(4)(a) (Vernon Supp. 1995), except that the following paragraph was omitted:

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may

earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

The State in its brief concedes that the trial court's charge did not meet the statutory requirements of Article 37.07(4)(a). A review of the record reveals that the omission of this portion of the statutorily required instruction was not objected to at trial. The instruction is designed to increase jury sentences and, thus, favors the State and not defendants. *Grigsby v. State,* 833 S.W.2d 573, 576 (Tex. App.—Dallas 1992, pet. ref'd). Because appellant did not object, we will reverse only if he was egregiously harmed. *Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App. 1994); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g). Egregious harm occurs when the error is of such magnitude that the defendant was denied a fair and impartial trial. The actual degree of harm is determined in view of (1) the charge as a whole, (2) the state of the evidence, (3) the argument of counsel, and (4) any other relevant information contained in the record. *Arline v. State,* 721 S.W.2d 348, 351–352 (Tex.Crim.App.1986).

▐ Appellant bears the burden of proving egregious harm and he must "persuade the reviewing court that he suffered some actual harm as a consequence of the charging error. If he is unable to do so, the error will not result in a reversal of his conviction." *Abdnor,* 871 S.W.2d at 732 (quoting *LaPoint v. State,* 750 S.W.2d 180, 191 (Tex.Crim.App. 1986) (op. on reh'g)). Appellant has cited the case of *Gamboa v. State,* 822 S.W.2d 328 (Tex.App.—Beaumont 1992, pet. ref'd). It must be remembered in *Gamboa* there was an objection to the charge and error preserved. If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which the Court of Criminal Appeals interpreted as meaning "no more than that there must be some harm to the accused from the error." *Almanza, supra,* 686 S.W.2d at 171. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

Here there was no objection to the omission of a portion of Article 37.07(4)(a) from the charge; accordingly, we must determine if appellant was denied a fair and impartial trial or was egregiously harmed.

The State presented evidence that the deceased victim in this case did hit the defendant with a pool cue and that this attack was apparently unprovoked. Witnesses called at trial testified that when this first altercation was over, the appellant's friends at the scene pleaded with him to "leave it alone", and that one friend (called by the State at trial) held the defendant in his arms and said, "Hey man, I love you, please don't hurt Kelvin." These witnesses also said that at the time the appellant shot Kelvin Phipps, the victim was not acting in any threatening manner, and in fact, had his hands raised and was pleading with the appellant not to shoot him.

The appellant's testimony as to the shooting indicated the following:

A ... I walked towards him, I got my gun out of my truck and I started towards him to ask him why did he hit me and I had my gun in my hand and I slipped, slipped in a hole, slipped the gun hit the top of the car and it went off....

. . . .

A ... I went towards him with my gun and stepped in a hole and the gun went off.... I didn't mean to shoot him. God knows I never didn't mean to shoot him.

. . . .

Q Okay. So you wanted to defend yourself because he had a gun and you also wanted an explanation from this man you thought was holding a gun that might be a danger to you, so you get your gun and leave your truck and walk all of the way over to his car where he is standing and you stick the gun out and you say you tripped and fall and accidently shoot him, is that it?

A That's it.

The testimony was in conflict as to whether the appellant intentionally fired at the victim or whether the discharge of the weapon was

the result of accident or recklessness. The court submitted a charge to the jury on accident[1], murder, voluntary manslaughter, involuntary manslaughter, self-defense, and insanity.

No discussion by either the defense attorney or the State's attorney concerning parole was made during the argument to the jury or that the jury ever sent any notes of inquiry about parole. Neither of these factors are present in the instant case. In this case, parole was never mentioned in any form during the trial of this case except in the court's charge. Trial counsel never mentioned parole in either the voir dire or final argument phases of the trial. The jury did not inquire about the issue of parole.

In the charge on punishment the trial court instructed the jury as follows:

> You are further instructed that in fixing the defendant's punishment, which you will show in your verdict, you may take into consideration all the facts shown by the evidence admitted before you in the full trial of this case and the law as submitted to you in this charge.

Of great significance, we feel, is the following portion of the State's final argument to the jury on punishment. We take note of the fact that the State's closing argument is the last word the jury hears before deliberating an accused's fate. The prosecutor in his final argument on punishment stated:

> One of the things that I think is very important and sometimes I think in the punishment phase of the trial we lose sight of the offense itself. The Judge in his charge instructed you, and you are further instructed in fixing the defendant's punishment you can take into consideration all facts and circumstances in evidence concerning the commission of the offense itself. Certainly since that's what you are assessing is punishment I think that is very important.

The prosecutor later urged the jury to imprison the appellant.

■ Appellant's counsel argues that the appellant was given the "maximum" sentence

in this case and that, therefore, the jury must have been influenced by the parole charge as heretofore noted. As a matter of law the instruction on parole favors the State and not the defendant. However, this case was originally a murder case. The jury, after the guilt/innocence phase, deliberated for over four hours, rejecting the State's contentions of "intentionally and knowingly" and the appellant's defenses of accident, self-defense, and insanity, and found the appellant guilty of involuntary manslaughter. This determination was made without any knowledge of the range of punishment for this lesser included offense.

During the jury's deliberations for the punishment phase, the jury only deliberated for forty minutes. There was no indication that the jury was influenced by the parole instruction. The jury did not inquire about parole. The jury obviously concluded the degree of recklessness by the appellant in the taking of a human life mandated a ten-year prison term.

■ We conclude the evidence supports the jury verdict as the evidence showed that the victim (Phipps) struck appellant from behind with a pool cue with such force that the pool cue broke in half and that the attack was apparently unprovoked. The victim, not acting in a threatening manner, then followed appellant outside the pool hall where the appellant retrieved the shotgun from his vehicle and approached the victim, shot him while his hands were raised and pleading that appellant not shoot him, while his friends were begging him to refrain from any action toward Phipps.

We hold that appellant was not denied a fair and impartial trial, nor was appellant egregiously harmed. Accordingly, the sole point of error is overruled and the judgment is affirmed.

AFFIRMED.

---

1. With the enactment of the 1974 Penal Code, "accident" is no longer a defense. An instruction on "voluntariness" now serves the same function as the former instruction on "accident."

*See* Tex.Penal Code Ann. § 6.01 (Vernon 1994); *Joiner v. State,* 727 S.W.2d 534, 535 (Tex.Crim. App.1987); *George v. State,* 681 S.W.2d 43, 45 (Tex.Crim.App.1984).