Larry CORMIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–96–00669–CR.

Court of Appeals of Texas,
Austin.

Oct. 23, 1997.

Art Keinarth, Reynolds & Keinarth, Smithville, for Appellant.

John Wied, County and District Attorney, Peggy S. Supak, Assistant County and District Attorney, La Grange, for State.

Before CARROLL, C.J., and JONES and KIDD, JJ.

KIDD, Justice.

On January 9, 1996, appellant sold eight rocks of crack cocaine to Cynthia Thurston for $140. Thurston was a "paid cooperating individual" who was working with a drug task force to make cases against drug dealers in Fayette County. A jury found appellant guilty of delivering more than one gram but less than four grams of cocaine and assessed punishment at imprisonment for twenty years and a $10,000 fine. Tex. Health & Safety Code Ann. § 481.112 (West Supp. 1997).

■ In his first point of error, appellant contends the district court erroneously admitted hearsay testimony by Michael Trammell, the police officer who supervised Thurston's activities. Asked by the prosecutor why appellant was targeted by the drug task force, Trammell testified over objection, "We received information from Fayette County Sheriff's Department members, also La Grange Police Department, that Larry Cormier was trafficking large amounts of cocaine in Cozy Corner and also in the La Grange area."

■ It is error to admit hearsay relating to probable cause when no issue of probable cause is raised. *Perez v. State,* 678 S.W.2d 85, 87 (Tex.Crim.App.1984); *Hill v. State,* 817 S.W.2d 816, 818 (Tex.App.—East-

land 1991, pet. ref'd). An extrajudicial statement is not hearsay, however, if it is offered to show *what* was said rather than for the *truth* of the matter stated. *Dinkins v. State,* 894 S.W.2d 330, 347 (Tex.Crim.App.1995); Tex.R.Crim. Evid. 801(d). In *Dinkins,* a capital murder case, the victim's appointment book was introduced in evidence over a hearsay objection. The book indicated that the defendant had an appointment with the victim at the approximate time the murder took place. The court held that this out-of-court writing was not hearsay because it had been offered to explain how the defendant became a suspect. The present cause is analogous to *Dinkins.* The extrajudicial statements were not offered to prove that appellant was a drug dealer but to explain why the drug task force chose to investigate him.[1]

■ Admission of the challenged testimony, if error, was harmless. Thurston testified that she knew appellant before the day of the charged offense, having purchased drugs from him on several occasions. She further testified that she went to three locations before finding appellant, explaining that she had previously purchased cocaine from appellant at each of those locations. She found appellant at the third location, a place she had gone "many times" to purchase cocaine. In light of this testimony, to which no objection was voiced, the admission of Trammell's challenged testimony, if error, did not affect appellant's substantial rights. Tex. R.App. P. 44.2(b). Point of error one is overruled.

In point of error two, appellant contends the district court fundamentally erred by failing to define "reasonable doubt" in the punishment charge. At the punishment phase, the State adduced evidence that appellant was arrested for possessing thirty-seven rocks of crack cocaine while free on bail awaiting trial in the present case. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp.1997) (admissibility of unadjudicated offenses at punishment phase). In the punishment charge, the district court instructed the jury not to consider this extraneous crime in assessing punishment unless

---

1. The relevance of this testimony is not at issue.

it found and believed beyond a reasonable doubt that appellant committed or was criminally responsible for it. *See Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App. 1996) (at punishment phase, jury is to determine whether State proved extraneous offense beyond reasonable doubt and should be so instructed upon request). Appellant contends the court's punishment charge also should have included a definition of "reasonable doubt." While he does not say so, we assume appellant refers to the definition contained in *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App.1991). Appellant did not request this definitional instruction or object to its absence.

In *Geesa*, the Court of Criminal Appeals held that the "reasonable hypothesis of innocence" construct was no longer to be used on appeal to determine whether the evidence was legally sufficient to prove the elements of the offense for which the accused was convicted. *Id.* at 161. As a corollary to this holding, the court adopted a definition of "reasonable doubt" and held that it must be submitted to the jury in all criminal cases, "even in the absence of an objection or request." *Id.* at 162. The court has since held that this definitional instruction is "an absolute systemic requirement" that must be submitted to the jury "in all cases where the burden of proof requires the jury to find guilt beyond a reasonable doubt and the failure to submit such an instruction is automatic reversible error." *Reyes v. State*, 938 S.W.2d 718, 721 (Tex.Crim.App.1996). *Geesa* and *Reyes* are concerned only with the jury charge at the guilt phase of trial.

■ As a general rule, an erroneous or incomplete jury charge does not result in automatic reversal of a conviction. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Crim.App. 1994). Instead, charge errors must be reviewed in the manner prescribed by *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1985) (opinion on rehearing). *Id.*; *see* Tex.Code Crim. Proc. Ann. art. 36.19 (West 1981). Under *Almanza*, an appellant who complains of charge error for the first time on appeal must demonstrate that the error was so egregiously harmful that he was denied a fair and impartial trial. *Almanza*, 686 S.W.2d at 171. *Almanza* was not applied in *Reyes* because the holding in *Geesa* was deemed to have created an absolute systemic requirement. *Reyes*, 938 S.W.2d at 721, n. 10 and 721–22 (Meyers, J., concurring).

We are aware of no statute or opinion creating an absolute systemic requirement that "reasonable doubt" be defined in the trial court's charge to the jury at the punishment phase, and appellant makes no effort to persuade us to impose such a requirement. To the contrary, appellant's argument under this point of error attempts to demonstrate that he was egregiously harmed by the alleged charge error. We also note that in *Mitchell*, the Court of Criminal Appeals determined that the refusal to instruct the jury on the State's burden of proof with regard to extraneous offenses admitted at the punishment phase was charge error subject to *Almanza* analysis. *Mitchell*, 931 S.W.2d at 954; *see also Smith v. State*, 899 S.W.2d 31, 35 (Tex.App.—Austin 1995, pet. ref'd). We conclude that if the district court was required to define "reasonable doubt" in its punishment charge even in the absence of a request by appellant, the court's failure to do so was charge error that requires reversal only if appellant shows that he was egregiously harmed.

■ Appellant urges that he was egregiously harmed because he denied committing the extraneous offense, thereby creating a fact issue. He also notes that the prosecutor referred to the extraneous offense in his argument and that the jury assessed the maximum punishment. Appellant does not, however, point to evidence that the court's failure to define "reasonable doubt" in the punishment charge affected the jury's deliberations regarding these matters. *Almanza* requires a showing of actual, not just theoretical, harm. *Almanza*, 686 S.W.2d at 174.

The district court's charge at the guilt phase of trial defined "reasonable doubt" as required by *Geesa*. This charge was read to the jury at 2:30 p.m. The jury returned its guilty verdict later that afternoon and the punishment phase began the following morning. The jury began its punishment deliberations at noon, less than twenty-four hours after being instructed on the meaning of

"reasonable doubt" at the guilt phase. There is no reason to believe that the jury did not remember the earlier definition of "reasonable doubt" or any evidence that it did not follow that definition at the punishment phase.

Appellant testified at the punishment phase over the advice of counsel that he not do so. Appellant denied committing both the offense for which he had been convicted *and* the extraneous offense adduced at the punishment stage. With regard to the latter, appellant accused the deputy of planting the cocaine and lying to the jury. Appellant told the jury that "they try to railroad people [in Fayette County] and they are successful at doing it because the people, proud citizens that are on the jury let them." From our reading of an admittedly cold record, we believe that appellant's performance as a witness was at least as influential in the jury's punishment decision as the extraneous offense evidence.

We do not decide whether the district court erred by failing to define "reasonable doubt" in the punishment charge. We hold only that if the court erred, appellant has not met his burden of showing that the error was so egregiously harmful as to deny him a fair and impartial trial. Point of error two is overruled.

■ Finally, appellant contends the district court fundamentally erred by failing to include the statutory instruction on the law of good time and parole in the punishment charge. Tex.Code Crim. Proc. Ann. art. 37.07, § 4(b) (West Supp.1997). The failure to give this mandatory instruction is charge error subject to *Almanza* analysis. *Underwood v. State*, 927 S.W.2d 661, 663 (Tex. App.—Texarkana 1996, no pet.); *Jackson v. State*, 905 S.W.2d 453, 455 (Tex.App.—Beaumont 1995, no pet.); *Myres v. State*, 866 S.W.2d 673, 674 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd); *Roberts v. State*, 849 S.W.2d 407, 409 (Tex.App.—Fort Worth 1993, pet. ref'd); *Grigsby v. State*, 833 S.W.2d 573, 576 (Tex.App.—Dallas 1992, pet. ref'd). Because appellant did not object to the punishment charge or request that the parole instruction be given, he must demonstrate that its omission resulted in egregious harm. *Almanza*, 686 S.W.2d at 171.

The only evidence of harm cited by appellant is the fact that the jury assessed the maximum allowable punishment. Appellant argues that the jury might have assessed a shorter term of imprisonment if it had known the portion of his sentence he is required to serve before becoming eligible for probation. As previously noted, however, *Almanza* requires a showing of actual, not just theoretical, harm. *Id.* at 174. There is no evidence in the record that the punishment assessed was influenced by any juror's misunderstanding or misstatement of the law of good time or parole. Appellant has not demonstrated that the omission of the statutory parole instruction was so egregiously harmful as to deny him a fair and impartial trial. Point of error three is overruled.

The judgment of conviction is affirmed.