TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00669-CR






Larry Cormier, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 96R-025, HONORABLE DAN R. BECK, JUDGE PRESIDING







On January 9, 1996, appellant sold eight rocks of crack cocaine to Cynthia Thurston for
$140. Thurston was a "paid cooperating individual" who was working with a drug task force to make
cases against drug dealers in Fayette County. A jury found appellant guilty of delivering more than one
gram but less than four grams of cocaine and assessed punishment at imprisonment for twenty years and
a $10,000 fine. Tex. Health & Safety Code Ann. § 481.112 (West Supp. 1997).

In his first point of error, appellant contends the district court erroneously admitted hearsay
testimony by Michael Trammell, the police officer who supervised Thurston's activities. Asked by the
prosecutor why appellant was targeted by the drug task force, Trammell testified over objection, "We
received information from Fayette County Sheriff's Department members, also La Grange Police
Department, that Larry Cormier was trafficking large amounts of cocaine in Cozy Corner and also in the
La Grange area."

It is error to admit hearsay relating to probable cause when no issue of probable cause is
raised. Perez v. State, 678 S.W.2d 85, 87 (Tex. Crim. App. 1984); Hill v. State, 817 S.W.2d 816, 818
(Tex. App.--Eastland 1991, pet. ref'd). An extrajudicial statement is not hearsay, however, if it is offered
to show what was said rather than for the truth of the matter stated. Dinkins v. State, 894 S.W.2d 330,
347 (Tex. Crim. App. 1995); Tex. R. Crim. Evid. 801(d). In Dinkins, a capital murder case, the victim's
appointment book was introduced in evidence over a hearsay objection. The book indicated that the
defendant had an appointment with the victim at the approximate time the murder took place. The court
held that this out-of-court writing was not hearsay because it had been offered to explain how the defendant
became a suspect. The present cause is analogous to Dinkins. The extrajudicial statements were not
offered to prove that appellant was a drug dealer but to explain why the drug task force chose to investigate
him. (1)

Admission of the challenged testimony, if error, was harmless. Thurston testified that she
knew appellant before the day of the charged offense, having purchased drugs from him on several
occasions. She further testified that she went to three locations before finding appellant, explaining that she
had previously purchased cocaine from appellant at each of those locations. She found appellant at the
third location, a place she had gone "many times" to purchase cocaine. In light of this testimony, to which
no objection was voiced, the admission of Trammell's challenged testimony, if error, did not affect
appellant's substantial rights. Tex. R. App. P. 44.2(b). Point of error one is overruled.

In point of error two, appellant contends the district court fundamentally erred by failing
to define "reasonable doubt" in the punishment charge. At the punishment phase, the State adduced
evidence that appellant was arrested for possessing thirty-seven rocks of crack cocaine while free on bail
awaiting trial in the present case. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1997)
(admissibility of unadjudicated offenses at punishment phase). In the punishment charge, the district court
instructed the jury not to consider this extraneous crime in assessing punishment unless it found and believed
beyond a reasonable doubt that appellant committed or was criminally responsible for it. See Mitchell v.
State, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (at punishment phase, jury is to determine whether
State proved extraneous offense beyond reasonable doubt and should be so instructed upon request). 
Appellant contends the court's punishment charge also should have included a definition of "reasonable
doubt." While he does not say so, we assume appellant refers to the definition contained in Geesa v.
State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991). Appellant did not request this definitional
instruction or object to its absence.

In Geesa, the Court of Criminal Appeals held that the "reasonable hypothesis of innocence"
construct was no longer to be used on appeal to determine whether the evidence was legally sufficient to
prove the elements of the offense for which the accused was convicted. Id. at 161. As a corollary to this
holding, the court adopted a definition of "reasonable doubt" and held that it must be submitted to the jury
in all criminal cases, "even in the absence of an objection or request." Id. at 162. The court has since held
that this definitional instruction is "an absolute systemic requirement" that must be submitted to the jury "in
all cases where the burden of proof requires the jury to find guilt beyond a reasonable doubt and the failure
to submit such an instruction is automatic reversible error." Reyes v. State, 938 S.W.2d 718, 721 (Tex.
Crim. App. 1996). Geesa and Reyes are concerned only with the jury charge at the guilt phase of trial.

As a general rule, an erroneous or incomplete jury charge does not result in automatic
reversal of a conviction. Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Instead,
charge errors must be reviewed in the manner prescribed by Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (opinion on rehearing). Id.; see Tex. Code Crim. Proc. Ann. art. 36.19 (West
1981). Under Almanza, an appellant who complains of charge error for the first time on appeal must
demonstrate that the error was so egregiously harmful that he was denied a fair and impartial trial. 
Almanza, 686 S.W.2d at 171. Almanza was not applied in Reyes because the holding in Geesa was
deemed to have created an absolute systemic requirement. Reyes, 938 S.W.2d at 721, n.10 and 721-22
(Meyers, J., concurring).

We are aware of no statute or opinion creating an absolute systemic requirement that
"reasonable doubt" be defined in the trial court's charge to the jury at the punishment phase, and appellant
makes no effort to persuade us to impose such a requirement. To the contrary, appellant's argument under
this point of error attempts to demonstrate that he was egregiously harmed by the alleged charge error. 
We also note that in Mitchell, the Court of Criminal Appeals determined that the refusal to instruct the jury
on the State's burden of proof with regard to extraneous offenses admitted at the punishment phase was
charge error subject to Almanza analysis. Mitchell, 931 S.W.2d at 954; see also Smith v. State, 899
S.W.2d 31, 35 (Tex. App.--Austin 1995, pet. ref'd). We conclude that if the district court was required
to define "reasonable doubt" in its punishment charge even in the absence of a request by appellant, the
court's failure to do so was charge error that requires reversal only if appellant shows that he was
egregiously harmed.

Appellant urges that he was egregiously harmed because he denied committing the
extraneous offense, thereby creating a fact issue. He also notes that the prosecutor referred to the
extraneous offense in his argument and that the jury assessed the maximum punishment. Appellant does
not, however, point to evidence that the court's failure to define "reasonable doubt" in the punishment
charge affected the jury's deliberations regarding these matters. Almanza requires a showing of actual,
not just theoretical, harm. Almanza, 686 S.W.2d at 174.

The district court's charge at the guilt phase of trial defined "reasonable doubt" as required
by Geesa. This charge was read to the jury at 2:30 p.m. The jury returned its guilty verdict later that
afternoon and the punishment phase began the following morning. The jury began its punishment
deliberations at noon, less than twenty-four hours after being instructed on the meaning of "reasonable
doubt" at the guilt phase. There is no reason to believe that the jury did not remember the earlier definition
of "reasonable doubt" or any evidence that it did not follow that definition at the punishment phase.

Appellant testified at the punishment phase over the advice of counsel that he not do so. 
Appellant denied committing both the offense for which he had been convicted and the extraneous offense
adduced at the punishment stage. With regard to the latter, appellant accused the deputy of planting the
cocaine and lying to the jury. Appellant told the jury that "they try to railroad people [in Fayette County]
and they are successful at doing it because the people, proud citizens that are on the jury let them." From
our reading of an admittedly cold record, we believe that appellant's performance as a witness was at least
as influential in the jury's punishment decision as the extraneous offense evidence.

We do not decide whether the district court erred by failing to define "reasonable doubt"
in the punishment charge. We hold only that if the court erred, appellant has not met his burden of showing
that the error was so egregiously harmful as to deny him a fair and impartial trial. Point of error two is
overruled.

Finally, appellant contends the district court fundamentally erred by failing to include the
statutory instruction on the law of good time and parole in the punishment charge. Tex. Code Crim. Proc.
Ann. art. 37.07, § 4(b) (West Supp. 1997). The failure to give this mandatory instruction is charge error
subject to Almanza analysis. Underwood v. State, 927 S.W.2d 661, 663 (Tex. App.--Texarkana 1996,
no pet.); Jackson v. State, 905 S.W.2d 453, 455 (Tex. App.--Beaumont 1995, no pet.); Myres v. State,
866 S.W.2d 673, 674 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd); Roberts v. State, 849 S.W.2d
407, 409 (Tex. App.--Fort Worth 1993, pet. ref'd); Grigsby v. State, 833 S.W.2d 573, 576 (Tex.
App.--Dallas 1992, pet. ref'd). Because appellant did not object to the punishment charge or request that
the parole instruction be given, he must demonstrate that its omission resulted in egregious harm. Almanza,
686 S.W.2d at 171.

The only evidence of harm cited by appellant is the fact that the jury assessed the maximum
allowable punishment. Appellant argues that the jury might have assessed a shorter term of imprisonment
if it had known the portion of his sentence he is required to serve before becoming eligible for probation. 
As previously noted, however, Almanza requires a showing of actual, not just theoretical, harm. Id. at
174. There is no evidence in the record that the punishment assessed was influenced by any juror's
misunderstanding or misstatement of the law of good time or parole. Appellant has not demonstrated that
the omission of the statutory parole instruction was so egregiously harmful as to deny him a fair and
impartial trial. Point of error three is overruled.

The judgment of conviction is affirmed.



 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 23, 1997

Publish

1. The relevance of this testimony is not at issue.


the
extraneous offense in his argument and that the jury assessed the maximum punishment. Appellant does
not, however, point to evidence that the court's failure to define "reasonable doubt" in the punishment
charge affected the jury's deliberations regarding these matters. Almanza requires a showing of actual,
not just theoretical, harm. Almanza, 686 S.W.2d at 174.

The district court's charge at the guilt phase of trial defined "reasonable doubt" as required
by Geesa. This charge was read to the jury at 2:30 p.m. The jury returned its guilty verdict later that
afternoon and the punishment phase began the following morning. The jury began its punishment
deliberations at noon, less than twenty-four hours after being instructed on the meaning of "reasonable
doubt" at the guilt phase. There is n