TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00268-CR






Mike Martinez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 96-125, HONORABLE CHARLES F. CAMPBELL, JUDGE PRESIDING







 A jury found appellant guilty of three counts of aggravated sexual assault. Tex. Penal Code
Ann. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 1998). The jury assessed punishment at ten years'
confinement for count one, ten years' confinement for count two, and seventeen years' confinement for
count three. Appellant contends the evidence was insufficient to support the third count of the indictment
and the trial court reversibly erred by failing to properly instruct the jury about parole. We will affirm the
conviction.


Sufficiency of the Evidence


 By point of error two, appellant contends that there was no evidence the complainant
removed her clothing, therefore, the State did not prove penetration as alleged in count three. Tex. Penal
Code Ann. § 22.021(a)(1)(B)(i).

 In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981).

 Count three of the indictment alleged that on or about June 1, 1995, appellant intentionally
and knowingly sexually assaulted the complainant by causing the penetration of the female sexual organ with
his penis.

 The eleven-year-old complainant testified that the incident occurred while she was staying
at appellant's, her uncle's, house. When she awoke from a nap in her cousins' bedroom, appellant was
lying on the bed next to her with his pants down. Appellant used his hands to spread the complainant's legs
and then put his penis inside her vagina about an inch. The complainant testified appellant put his penis in
her vagina three times and then left the room. The complainant testified that in the past appellant placed
his finger inside her vagina on several occasions but he placed his penis inside her vagina during this incident
only. The complainant's school counselor testified the complainant related the same story to her. 
Additionally, medical evidence about a partial tear of the complainant's hymen was consistent with a penile
penetration. 

 The jury is the exclusive judge of the credibility of the witnesses and the weight to be given
their testimony, and may accept or reject all or any part of the evidence. Flanagan v. State, 675 S.W.2d
734, 736 (Tex. Crim. App. 1984); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). The jury may
draw reasonable inferences and make reasonable deductions from the evidence. Benavides v. State, 763
S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd).

 We hold that, although the complainant never stated explicitly she or appellant removed
her clothing, the jury could have reasonably inferred that somehow complainant's clothing was removed
to the extent appellant's penis could penetrate her vagina. Viewed in a light most favorable to the verdict,
the evidence was sufficient to sustain the conviction under count three. Point of error two is overruled.


Parole Instruction


 By point of error one, appellant complains about the trial court's parole instruction. The trial court's
charge to the jury at the punishment phase did not include an instruction about parole. During deliberations,
the jury sent the following note to the judge:


(1). If we sentence [appellant] to 20 years on each count, how many years will he be in
prison?


(2). If we sentence him to 20 years for each count, does that mean he has to do 60
years? Or a total of 20 years?


(3). How soon will he come up for parole?



The trial court responded with the following portion of the statutory parole instruction provided by Texas
Code of Criminal Procedure article 37.07, section 4(a):


 Under the law applicable in this case, the Defendant, if sentenced to a term of
imprisonment, may earn time off the period of incarceration imposed through the award of
good conduct time. Prison authorities may award good conduct time to a prisoner who
exhibits good behavior, diligence in carrying out prison work assignments, and attempts at
rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away
all or part of any good conduct time earned by the prisoner. 


 It cannot accurately be predicted how the parole law and good conduct time might
be applied to this Defendant if he is sentenced to a term of imprisonment, because the
application of these laws will depend on decisions made by prison and parole authorities. 



 You may consider the existence of the parole law and good conduct time. However,
you are not to consider the extent to which good conduct time may be awarded to or
forfeited by this particular Defendant. You are not to consider the manner in which the
parole law may be applied to this particular Defendant. 



The trial court, however, did not include the following two paragraphs of the statutory instruction:



 It is also possible that the length of time for which the defendant will be imprisoned
might be reduced by the award of parole. 


 Under the law applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any
good conduct time he may earn. If the defendant is sentenced to a term of less than four
years, he must serve at least two years before he is eligible for parole. Eligibility for parole
does not guarantee that parole will be granted. 



Appellant did not object to the instruction given nor to the omission of the omitted portions above.

 The statutory parole instruction is mandatory. Abdnor v. State, 871 S.W.2d 726, 731-32
(Tex. Crim. App. 1994); Ramos v. State, 831 S.W.2d 10, 17 (Tex. App.--El Paso 1992, pet. ref'd). 
However, an erroneous or incomplete jury charge does not result in automatic reversal of a conviction. 
Abdnor, 871 S.W.2d at 731. Charge errors are reviewed in the manner prescribed by Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1987). Id.; Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). 
Under Almanza, an appellant who complains of charge error for the first time on appeal must show the
error was so egregiously harmful he was denied a fair and impartial trial. Almanza, 686 S.W.2d at 171;
Roberts v. State, 849 S.W.2d 407, 409 (Tex. App.--Fort Worth 1993, pet. ref'd). In making this
determination, the actual degree of harm must be assayed in light of the entire jury charge, the state of the
evidence, the arguments of counsel and any other relevant information revealed by the record of the trial
as a whole. Almanza, 686 S.W.2d at 171. This Court determines actual, not just theoretical, harm to the
accused. Id. at 174; Comier v. State, 955 S.W.2d 161, 164 (Tex. App.--Austin 1997, no pet.).

 Appellant argues had the jury known appellant would serve a minimum of one-half of his
punishment before being eligible for parole, the jury probably would have given appellant shorter sentences. 
From what transpired, we cannot determine that appellant's contention is correct or that appellant has
demonstrated "egregious harm."

 Obviously, from the jury's note, they were considering twenty-year sentences for each of
the three offenses. After the trial court gave the jury the instruction, however, the jury returned sentences
of two ten-year terms and one seventeen-year term. Objectively, it would appear that the trial court's
failure to include the omitted portions of the statutory instruction did not harm appellant. Further, appellant
has not shown how the omitted portions would have resulted in lesser sentences. Indeed, giving the omitted
portions of the statutory instruction might have resulted in greater sentences by this jury. In any event,
appellant has not demonstrated that the omission of the portions of the statutory parole instruction was so
egregiously harmful as to deny him a fair and impartial trial. Point of error one is overruled.


Conclusion


 Having overruled appellant's points of error, we affirm the conviction.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: April 9, 1998

Do Not Publish



icular Defendant. 



The trial court, however, did not include the following two paragraphs of the statutory instruction:



 It is also possible that the length of time for which the defendant will be imprisoned
might be reduced by the award of parole. 


 Under the law applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any
good conduct time he may earn. If the defendant is sentenced to a term of less than four
years, he must serve at least two years before he is eligible for parole. Eligibility for parole
does not guarantee that parole will be granted. 



Appellant did not object to the instruction given nor to the omission of the omitted portions above.

 The statutory parole instruction is mandatory. Abdnor v. State, 871 S.W.2d 726, 731-32
(Tex. Crim. App. 1994); Ramos v. State, 831 S.W.2d 10, 17 (Tex. App.--El Paso 1992, pet. ref'd). 
However, an erroneous or incomplete jury charge does not result in automatic reversal of a conviction. 
Abdnor, 871 S.W.2d at 731. Charge errors are reviewed in the manner prescribed by Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1987). Id.; Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). 
Under Almanza, an appellant who complains of charge error for the first time on appeal must show the
error was so egregiously harmful he was denied a fair and impartial trial. Almanza, 686 S.W.2d at 171;
Roberts v. State, 849 S.W.2d 407, 409 (Tex. App.--Fort Worth 1993, pet. ref'd). In making this
determination, the actual degre