TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00446-CR

Bobby Joe Lessing, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT

NO. 8932, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING

PER CURIAM

Appellant Bobby Joe Lessing pleaded guilty and judicially confessed to burglary
of a habitation. Tex. Penal Code Ann. § 30.02(a), (c)(2) (West 1994). A jury assessed
punishment at imprisonment for five years and a $3000 fine.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by advancing a contention that counsel says might arguably support the appeal. See
also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy
of counsel's brief was delivered to appellant, and appellant was advised of his right to examine
the appellate record and to file a pro se brief. No pro se brief has been filed.

Counsel's arguable point of error complains of the district court's failure to include
the statutory instruction on the law of good time and parole in the punishment charge. See Tex.
Code Crim. Proc. Ann. art. 37.07, § 4 (West Supp. 1998). The failure to give this mandatory
instruction is charge error subject to Almanza analysis. Cormier v. State, 955 S.W.2d 161, 164
(Tex. App.--Austin 1997, no pet.); see Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) (op. on reh'g). Because appellant did not object to the error at trial, he must demonstrate
that the omission resulted in egregious harm. Cormier, 955 S.W.2d at 164. After reviewing the
record, we agree with counsel that no such harm is shown. There is no evidence that the omission
of the good time and parole instruction had any direct or indirect influence on the punishment
assessed. We also agree with counsel's conclusion that the appeal is frivolous.

The judgment of conviction is affirmed.

Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Affirmed

Filed: November 13, 1998

Do Not Publish