TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00459-CR







Anna Lee, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0975340, HONORABLE JON N. WISSER, JUDGE PRESIDING








 In a bench trial, appellant Anna Lee entered a not guilty plea and was convicted
of the offense of aggravated promotion of prostitution. See Tex. Penal Code Ann. § 43.04 (West
1994). The court assessed appellant's punishment at imprisonment for ten years and a fine of
$1,000. Imposition of the sentence was suspended, and appellant was granted community
supervision for a period of three years. Appellant asserts that the evidence is legally and factually
insufficient and that the trial court erred in admitting hearsay evidence. We will affirm the
judgment.

 On April 15, 1997, Travis County deputy sheriffs and City of Austin police officers
conducted a joint undercover investigation of a sexually oriented business known as The Rose. 
This investigation resulted in the return of an indictment alleging that appellant Anna Lee
knowingly owned, invested in, financed, controlled, supervised, and managed a prostitution
enterprise that used at least two prostitutes, Suk Humphrey and Yo Ok Armistead, on or about
April 15, 1997.

 We will first consider appellant's point of error in which she insists that the
evidence is legally insufficient to support her conviction. In reviewing the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the prosecution and ask whether any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888
(Tex. Crim. App. 1994); Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991);
Martinetz v. State, 884 S.W.2d 185, 187 (Tex. App.--Austin 1994, no pet.). 

 A person commits the offense of prostitution if he or she offers to engage, agrees
to engage, or engages in sexual conduct for a fee. See Tex. Penal Code Ann. § 43.02 (West
1994); Mattias v. State, 731 S.W.2d 936, 937 (Tex. Crim. App. 1987); Watson v. State, 10
S.W.3d 782, 784 (Tex. App.--Austin 2000, no pet.). A person commits aggravated promotion of
prostitution if he or she knowingly owns, invests in, finances, controls, supervises, or manages
a prostitution enterprise that uses two or more prostitutes. See Tex. Penal Code Ann. § 43.04(a)
(West 1994). Proof of any one of the six statutory means of committing aggravated promotion
of prostitution is sufficient to show a defendant's participation in the prostitution enterprise. See
Ringer v. State, 577 S.W.2d 711, 716 (Tex. Crim. App. 1979); Smithwick v. State, 762 S.W.2d 
232, 233 (Tex. App.--Austin 1988, pet. ref'd).

 This record shows a piecemeal trial that commenced on July 15, 1998 and after
several sessions terminated on April 9, 1999. Conflicts in the evidence have been resolved by the
trial court as the trier of fact. See Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996);
Adelman v. State, 828 S.W.2d 418, 421-22 (Tex. Crim. App. 1992). Appellant concedes the
"State proved that on or about April 15, 1997, Appellant owned The Rose." Appellant concedes
that the "State also adduced evidence that on or about April 15, 1997 'Anna' engaged in an act
of prostitution with Richard T. Donohue and that on or about April 15, 1997, Suk Humphrey
engaged in an act of prostitution with Officer Jeffery Slater." Further appellant concedes that the
"State proved that on or about August 28, 1997, Yo Ok Armistead engaged in sexual conduct for
a fee with Deputy Russell Thompson." However, appellant strenuously argues that while "a
rational trier of fact could have found that Appellant probably still owned The Rose on August
28, 1997, that is far short of finding beyond a reasonable doubt that appellant owned The Rose
at that time." Appellant concedes the legal sufficiency of the evidence except for proof that
appellant owned The Rose on August 28, 1997.

 "A state of things once shown to exist is ordinarily presumed to continue, in the
absence of proof to the contrary." Cook v. State, 258 S.W. 1058, 1060 (Tex. Crim. App. 1923)
(control and management of real property). The rule that a fact or condition shown to exist is
presumed to continue is generally applied in criminal cases. See 22A Corpus Jur. 2d, Criminal
Law § 701 (1989). See also Bell v. State, 161 S.W.2d 109, 112 (Tex. Crim. App. 1942); Jenks
v. United States, 226 F.2d 540, 548-49 (5th Cir. 1955), rev'd on other grounds, 353 U.S. 657
(1957); Farrell v. United States, 381 F.2d 368, 369 (9th Cir. 1967); State v. Donahue, 585
S.W.2d 160, 161 (Mo. App. 1979); Strozik v. State, 279 N.W.2d 922, 926 (Wisc. 1979); State
v. Miranda, 416 P.2d 444, 449-50 (Ariz. App. 1966); Underdown v. District of Columbia, 217
A.2d 659, 661 (D.C. App. 1966); State v. Gutierrez, 408 P.2d 503, 505 (N.M. 1965); State v.
Jackson, 366 P.2d 217, 218 (Wash. 1961); State v. Hopfe, 82 N.W.2d 681, 687 (Minn. 1957). 
Appellant having conceded that "on or about April 15, 1997, Appellant owned The Rose," it can
be presumed that appellant owned The Rose on August 28, 1997 as that presumption is not
rebutted. (1)

 We have answered appellant's argument; but, for yet another reason, the evidence
shows the evidence is legally sufficient to sustain appellant's conviction. Police Officer Richard
McFadin testified that he was at The Rose assisting in the undercover investigation on April 15,
1997. Before citizen Donohue left The Rose that night, McFadin brought Armistead and
Humphrey before Donohue. Donohue identified Armistead as the woman with whom he had
sexual intercourse that night for a fee.

 When appellant's concessions and McFadin's testimony are considered, the record
shows that: (1) appellant was the owner and manager of The Rose, on April 15, 1997; (2) Suk
Humphrey engaged in an act of prostitution with Officer Jeffery Slater at The Rose on April 15,
1997; (3) Yo Ok Armistead engaged in an act of prostitution with Donohue at The Rose on April
15, 1997. Viewed in the light most favorable to the prosecution, a rational trier of fact could find
appellant guilty of the essential elements of the charged offense beyond a reasonable doubt. 
Appellant's first point is overruled.

 In her second point of error, appellant urges that the evidence is factually
insufficient to support her conviction. In reviewing factual sufficiency of the evidence, we view
all the evidence "without the prism of in the light most favorable to the prosecution"; we set aside
the jury's verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996);
Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd). In performing a factual
sufficiency review, the courts of appeals are required to give deference to the jury verdict and
examine all of the evidence impartially, setting aside the jury verdict "only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust." Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997) (quoting Clewis, 922 S.W.2d at 129). Recently, the
Clewis standard has been reprised, "[T]he complete and correct standard a reviewing court must
follow to conduct a Clewis factual sufficiency review of the elements of a criminal offense asks
whether a neutral review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury's determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." 
Johnson v. State, No. 1915-98-CR, slip op. at 18 (Tex. Crim. App. Feb. 9, 2000).

 Appellant's only argument urges that the "State proved an act of prostitution by one
of the named prostitutes on or about April 15, 1997 and an act of prostitution by the other named
prostitute on or about August 28, 1997," but the State failed to prove appellant owned The Rose
on both days. Therefore, appellant urges the evidence is factually insufficient to support the
conviction. This contention is essentially the same as that discussed under point of error one. We
have held that the evidence shows appellant owned The Rose both on April 15 and August 28,
1997. Furthermore, the evidence is sufficient to show that appellant owned and managed The
Rose and that Armistead and Humphrey both committed acts of prostitution on April 15, 1997. 
We have made a neutral review of all of the evidence, applied the factual sufficiency standard of
review, and we hold that the evidence is not so weak as to undermine the court's determination
of guilt or to indicate that the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Appellant's second point of error is overruled.

 In her third point of error, appellant asserts the "trial court erred in admitting
hearsay over a timely and specific objection . . . . Specifically, the trial court erred in overruling
the defense objection on hearsay grounds to that portion of an affidavit purportedly executed by
Richard T. Donohue:  'Yo Ok Armistead is the lady who called herself Anna.'" The trial court
admitted Donohue's affidavit executed April 15, 1997 in which Donohue identified Armistead as
the woman with whom he had sexual intercourse for a fee of $100. The trial court ruled the
affidavit admissible as an exception to the hearsay rule because it tended to subject Donohue to
criminal liability and to make Donohue, a physician, an object of disgrace. See Tex. R. Evid.
803(24). We believe the trial court's ruling was correct. However, even if the affidavit was not
admissible, its admission was harmless error, because the record contains the same evidence from
another source. Officer McFadin testified that on April 15,1997, in his presence, Donohue
identified Armistead as the woman with whom he had just had sexual intercourse. This evidence
was substantially the same as that appellant contends was inadmissible; its admission, if error, was
therefore harmless. See Cormier v. State, 955 S.W.2d 161, 162 (Tex. App.--Austin 1997, no
pet.); see also Brown v. State, 757 S.W.2d 739, 741 (Tex. Crim. App. 1988). Moreover, "[a]
criminal conviction should not be overruled for non-constitutional error if the appellate court, after
examining the record as a whole, has fair assurance that the error did not influence the jury, or
had but slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); see Tex.
R. App. P. 44.2(b); Hughes v. State, 962 S.W.2d 689, 695 (Tex. App.--Houston [1st Dist.] 1998,
no pet.); Cormier, 955 S.W.2d at 162. We have examined the record as a whole and have fair
assurance that the admission of the affidavit, if error, did not influence or had but slight effect on
the trier of fact. Appellant's third point of error is overruled.

 The judgment is affirmed.



 


 Carl E. F. Dally, Justice

Before Justices Yeakel, Patterson and Dally

Affirmed

Filed: August 10, 2000

Do Not Publish











* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Here, our application of the presumption of the continuous state of facts is unlike the
court's failure to apply the presumption in Birdett v. State, 158 S.W.2d 902, 904 (Tex. Civ. App.
1942). In an action to enjoin the unlawful sale of liquor, the court held the rule that a status or
condition once shown to exist is presumed to continue was not applicable to show continuous
liquor law violations because the presumption of innocence implies that a former wrongdoer has
repented. See id. The presumption as applied here is not that appellant was continuing to violate
the law but merely that appellant's conceded ownership of The Rose on or about April 15, 1997
continued to August 28, 1997.



is essentially the same as that discussed under point of error one. We
have held that the evidence shows appellant owned The Rose both on April 15 and August 28,
1997. Furthermore, the evidence is sufficient to show that appellant owned and managed The
Rose and that Armistead and Humphrey both committed acts of prostitution on April 15, 1997. 
We have made a neutral review of all of the evidence, applied the factual sufficiency standard of
review, and we hold that the evidence is not so weak as to undermine the court's determination
of guilt or to indicate that the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Appellant's second point of error is overruled.

 In her third point of error, appellant asserts the "trial court erred in admitting
hearsay over a timely and specific objection . . . . Specifically, the trial court erred in overruling
the defense objection on hearsay grounds to that portion of an affidavit purportedly executed by
Richard T. Donohue:  'Yo Ok Armistead is the lady who called herself Anna.'" The trial court
admitted Donohue's affidavit executed April 15, 1997 in which Donohue identified Armistead as
the woman with whom he had sexual intercourse for a fee of $100. The trial court ruled the
affidavit admissible as an exception to the hearsay rule because it tended to subject Donohue to
criminal liability and to make Donohue, a physician, an object of disgrace. See Tex. R. Evid.
803(24). We believe the trial court's ruling was correct. However, even if the affidavit was not
admissible, its admission was harmless error, because the record contains the same evidence from
another source. Officer McFadin testified that on April 15,1997, in his presence, Donohue
identified Armistead as the woman with whom he had just had sexual intercourse. This evidence
was substantially the same as that appellant contends was inadmissible; its admission, if error, was
therefore harmless. See Cormier v. State, 955 S.W.2d 161, 162 (Tex. App.--Austin 1997, no
pet.); see also Brown v. State, 757 S.W.2d 739, 741 (Tex. Crim. App. 1988). Moreover, "[a]
criminal conviction should not be overruled for non-constitutional error if the appellate court, after
examining the record as a whole, has fair assurance that the error did not influence the jury, or
had but slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); see Tex.
R. App. P. 44.2(b); Hughes v. State, 962 S.W.2d 689, 695 (Tex. App.--Houston [1st Dist.] 1998,
no pet.); Cormier, 955 S.W.2d at 162. We have examined the record as a whole and have fair
assurance that the admission of the affidavit, if error, did not influence or had but slight effect on
the trier of fact. Appellant's third point of error is overruled.

 The judgment is affirmed.



 


 Carl E. F. Dally, Justice

Before Justices Yeakel, Patterson and Dally

Affirmed

Filed: August 10, 2000

Do Not Publish











*