Leal v. OT



NUMBER 13-00-457-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


MARIA MONSERATA LEAL, A/K/A MARIA MONSERRATA LEAL, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________

On appeal from the 197th District Court of Cameron County, Texas.

____________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


A jury found appellant, Maria Monserata Leal a/k/a Maria Monserrata Leal, guilty of the offense of delivery of a controlled
substance in an amount greater than one gram but less than four grams, and the trial judge assessed her punishment at ten
years imprisonment. In three issues, appellant contends the trial court erred in: (1) denying her challenges for cause; (2)
admitting evidence of an extraneous offense; and (3) allowing backdoor hearsay. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. Tex. R. App. P. 47.1.

In her first issue, appellant contends the trial court's failure to strike for cause all veniremembers who stated they were more
likely to believe a police officer's credibility than an ordinary citizen's, denied her the right to a fair trial.

If a challenge for cause to a certain prospective juror is improperly overruled by the trial court, and the defense is required
to unnecessarily use a peremptory challenge and later is forced to accept on the jury an objectionable juror because she was
deprived of a peremptory challenge, and she has exhausted all her statutorily assigned peremptory challenges, the reversible
error is normally reflected unless the court grants an additional peremptory challenge. Garcia v. State, 887 S.W.2d 846,
852 (Tex. Crim. App. 1994); Lane v. State, 822 S.W.2d 35, 41-42 (Tex. Crim. App. 1991). Appellant exhausted all her
peremptory challenges, was denied additional challenges and identified objectionable jurors she was forced to accept. We,
therefore, address the merits of appellant's claims.

According to article 35.16(a)(9) of the code of criminal procedure, a juror may be excused for cause if "he has a bias or
prejudice in favor of or against the defendant." Tex. Code Crim. Proc. Ann. art. 35.16(a)(9) (Vernon 1989). The
unequivocal belief by a venireman that a police officer would never lie while testifying has been found to constitute a bias
against the defendant under article 35.16(a)(9). Lane, 822 S.W.2d at 42; Hernandez v. State, 563 S.W.2d 947 (Tex. Crim.
App. 1978). Otherwise, the trial court has discretion to determine whether bias or prejudice actually exists to such degree
that a prospective juror is disqualified and that a challenge for cause should be sustained. See Anderson v. State, 633
S.W.2d 851, 854 (Tex. Crim. App. 1982). Bias is an inclination toward one side of an issue, rather than to the other,
which leads to the natural inference that a juror will not act with impartiality. Id. at 853. A trial court's refusal to sustain a
defendant's challenge for cause is reviewed in light of all the prospective juror's answers. Williams v. State, 773 S.W.2d
525, 537 (Tex. Crim. App. 1988); Nance v. State, 807 S.W.2d 855, 866 (Tex. App.-Corpus Christi 1991, pet. ref'd).
Prospective jurors should be excused for cause only if their views would prevent or substantially impair the performance of
their duties as jurors. Wainwright v. Witt, 469 U.S. 412, 424 (1985); Moody v. State, 827 S.W.2d 875, 888 (Tex. Crim.
App. 1992). A juror who can put aside any bias, prejudice, or conclusion of guilt and base his verdict on the evidence may
serve on the jury. Barber v. State, 737 S.W.2d 824, 829-30 (Tex. Crim. App. 1987). In deciding the propriety of the trial
court's ruling on challenges for cause during voir dire, we keep in mind that the trial judge has had the opportunity to
observe the tone of voice and demeanor of the prospective juror in determining the precise meaning intended, while we
have only the cold record. Briddle v. State, 742 S.W.2d 379, 384 n.1 (Tex. Crim. App. 1987).

After reviewing the record, we conclude that counsel abandoned his line of questioning on police credibility before he ever
established anything other than that some panelists would tend to give special credibility to police officers. See Lane, 822
S.W.2d at 42. We find that counsel's questions did not establish as a matter of law any bias on the part of the panelists.
Therefore, we hold the trial court did not abuse its discretion in denying appellant's requests for challenges for cause.
Appellant's first issue is overruled.

In her second and third issues, appellant contends the trial court erred in allowing the admission of an extraneous offense
and hearsay. Specifically, appellant asserts that during the testimony of an undercover police officer, she was categorized
as "having qualified to be a sting target based on extraneous offenses not brought into the record," and information of her
identification by a confidential informant and its confirmation by the task force were allowed to be presented to the jury
through hearsay.

Hearsay is a statement, other than one made by the declarant while testifying, offered in evidence to prove the truth of the
matter asserted. See Tex. R. Evid. 801(d). "An extra-judicial statement or writing may be admitted as circumstantial
evidence from which an inference may be drawn, and not for the truth of the matter stated therein, without violating the
hearsay rule." See Gholson v. State, 542 S.W.2d 395, 398 (Tex. Crim. App. 1976). This and other courts have held that an
out-of-court statement offered at trial to establish the circumstances leading to the officer's approach of the defendant is not
hearsay if it is not offered to prove the truth of the matter asserted. See Cano v. State, 3 S.W.3d 99, 110 (Tex. App.-Corpus
Christi 1999, pet. ref'd); Levario v. State, 964 S.W.2d 290, 296 (Tex. App.-El Paso 1997, no pet.); Cormier v. State, 955
S.W.2d 161, 162 (Tex. App.-Austin 1997, no pet.). Similarly, a police officer may testify about anonymous or confidential
tips he received for the purpose of showing why an investigation focused on a particular individual. See Levario v. State,
964 S.W.2d at 296; Cormier v. State, 955 S.W.2d at 162. This type of testimony assists the jury's understanding of the
events by providing context for the police officer's actions. Officer Orozco's testimony that the task force does not take the
word of a confidential informant, but rather they "verify and confirm who they are buying from . . . [and] confirm the
information" and that the information was in fact confirmed, was not offered to prove the identification, but rather was
offered to show why the investigation had focused on appellant. Because it was not offered to prove the truth of the matter
asserted, it was not hearsay. Accordingly, we hold the trial court did not err in overruling appellant's objection to the
extent it urged exclusion of the testimony on the basis that it was inadmissible hearsay.

We also hold the trial court did not abuse its discretion in allowing the officer to testify about the confirmation and
qualification of appellant as the subject of the undercover operation. Rule 404(b) of the Texas Rules of Evidence prohibits
admission of evidence of other crimes, wrongs or acts to prove the character of a person in order to show that she acted in
conformity therewith. See Tex. R. Evid. 404(b). This sets forth the general rule that an accused is entitled to be tried for
the offense for which she is charged and not for some collateral crime or for being a criminal generally. See id.; Couret v.
State, 792 S.W.2d 106, 108 (Tex. Crim. App. 1990). Exceptions to this rule allow evidence of extraneous offenses to be
admitted if relevant to a material issue in the case, so long as the relevancy value outweighs the prejudicial potential. 
SeeTex. R. Evid. 404(b); see also Tex. R. Evid. 403 (stating that relevant evidence may be excluded if its probative value
is substantially outweighed by the danger of unfair prejudice). That is, extraneous offense evidence must be relevant to a
fact of consequence in the case and its probative value must not be outweighed by other factors. See Tex. R. Evid. 401,
402, 403; see also Rankin v. State, 974 S.W.2d 707, 709-11 (Tex. Crim. App. 1996). Rule 404(b) has been interpreted to
mean that evidence of extraneous offenses is admissible only if: (1) it is introduced for a purpose other than to show
character conformity, (2) has relevance to a fact of consequence in the case, and (3) remains free of any other constitutional
or statutory prohibitions. Rankin, 974 S.W.2d at 709.

A trial court's admission of extraneous offense testimony is reviewed under an abuse of discretion standard. See Santellan
v. State, 939 S.W.2d 155, 168-69 (Tex. Crim. App. 1997) (en banc); Wilks v. State, 983 S.W.2d 863, 866 (Tex.
App.-Corpus Christi 1998, no pet.). The decision to admit such evidence will be upheld so long as the trial court properly
admitted the evidence in light of the applicable standards and its decision lies within the zone of reasonable disagreement.
See Rankin, 974 S.W.2d at 718. The trial court's determination of admissibility under rule 403 must be reasonable in view
of all relevant facts. See Rachal v. State, 917 S.W.2d 799, 808 (Tex. Crim. App. 1996).

We hold the trial court did not abuse its discretion in admitting the evidence. Appellant's second and third issues are
overruled.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 5th day of July, 2001.